# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILINOIS
### EASTERN DIVISION

| | |
|---|---|
| ADVANCED HAIR RESTORATION LLC, a Washington limited liability company,<br><br>     Plaintiff,<br><br>  v.<br><br>RESTORATION HOLDINGS, LLC, an Illinois limited liability company, and Jerry Davis, an individual<br><br>     Defendants. | Case No. 24-cv-11814<br><br>Hon. J. |

Plaintiff Advanced Hair Restoration LLC (hereinafter "AHR") for its complaint against Defendant Restoration Holdings, LLC, doing business as "Restore Hair" (hereinafter "Restore"), and Jerry Davis (hereinafter "Davis"), an Individual, alleges as follows.

## THE PARTIES

1. Plaintiff AHR is a limited liability company of the State of Washington, having a business address of 11040 Main St, #102, Bellevue, Washington 98004.

2. On information and belief, Defendant Restore is a limited liability company of the State of Illinois, having a business address of 26 W. Mudank, South Barrington, Illinois 60010.

3. On information and belief, Defendant Restore occasionally does business under its corporate name.

4. On information and belief, Defendant Restore is also doing business under the fictitious name "Restore Hair".

5.      On Information and belief, Jerry Davis, an individual and President of LifeGoals Corp. an Oregon Corporation having a principal place of business at 300 110th Ave. NE., Bellevue, Washington, 98004.

## JOINDER OF PARTIES

6.      Davis and Restore are properly joined as parties under Federal Rule of Civil Procedure 20 because a question of law or fact common to all defendants will arise in the action and as any right to relief is asserted jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of occurrences.

7.      Further, upon information and belief, Restore and Davis worked together with a common intent or plan to breach AHR's trade secret rights and a settlement agreement between Restore, Lifegoals, Davis, and AHR.

8.      As a result, any right to relief Plaintiff seeks regarding the conduct outlined in this Complaint may be asserted against all the Defendants. *See* Fed. R. Civ. P. 20.

9.      Accordingly, joinder of the Defendants is proper because: (1) Plaintiff seeks relief against all Defendants for the infringement of the trade secret asserted herein, and (2) all actions relating to the overall plan of the Defendants are common questions of facts.

## JURISDICTION AND VENUE

10.      This civil action arises under the Federal Unfair Competition Laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; the Federal Trademark Laws of the United States, 15 U.S.C. § 1114 [Lanham Act § 32]; the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836; the Illinois Trademark Registration and Protection Act 765 ILCS 1036, *et seq*.; and the Illinois Consumer Protection Act, 815 ILCS 505, *et seq*.; the Illinois Trade Secrets Act. Thus, this

Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

11.     Venue with respect to Defendant Restore is properly laid in the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in the Northern District of Illinois within the meaning of 28 U.S.C. § 1391(c)(2) because the Defendant is doing business and has committed acts of infringement within this judicial district.

12.     This court has jurisdiction over Defendant Davis through the Illinois long arm statute, 735 ILCS 5/2-209 as Defendant Davis has committed a tort in this district, namely trade secret misappropriation. Further, Defendant Davis has purposefully directed his activities at Illinois and purposefully availed himself of the privilege of conducting business in the state of Illinois and the injury arises out of Defendant Davis' actions with Restore within the state of Illnois.

13.     Venue is proper with respect to Defendant Davis pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to the asserted claims herein occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

14.     Plaintiff AHR is the country's premier provider of hair-loss prevention and restoration as well as hair regrowth services.

15.     Plaintiff AHR applied for registration of the mark ADVANCED HAIR RESTORATION® (hereinafter "the Registered Mark") in compliance with 15 U.S.C. § 1051(a) [Lanham Act § 1(a)] on March 29, 2021, and was granted U.S. Registration No. 6,817,641 ("the

'641 Registration") on August 16, 2022, in connection with hair-loss prevention and restoration as well as hair regrowth services.

16.     AHR has also acquired common law rights in its service mark ADVANCED FUE™ and NO SHAVE FUE™ (hereinafter "the Common Law Marks"). The mark ADVANCED FUE is part of a family of marks owned by Plaintiff AHR, including the Registered Mark and the mark ADVANCED HAIR. Accordingly, AHR has the nationwide right to prevent others from confusing the public into believing that other goods or services come from, are sponsored by, or are associated with the source of genuine ADVANCED FUE™ and NO SHAVE FUE™ services.

17.     The Registered Mark and the Common Law Marks (hereinafter, "the Marks" collectively) are heavily advertised by Plaintiff AHR and its licensee(s) to their customers.

18.     The Marks are recognized by Plaintiff AHR's customers and the customers of its licensee(s) as an indicator of source.

19.     The Marks are famous in the relevant marketplace.

20.     The Marks are distinctive.

21.     The Marks are owned by Plaintiff AHR.

22.     On information and belief, Defendant Restore is a provider of hair-loss prevention and restoration as well as hair regrowth services.

23.     On information and belief, Defendant Restore offers its hair-loss prevention and restoration as well as hair regrowth services to the public in this judicial district under designations confusingly similar to the Marks (collectively hereinafter "the Accused Marks"), including designations such as ADVANCED FUE™ and NO SHAVE FUE™.

24.     The Accused Marks as used by Defendant Restore in its advertising materials is substantially identical to Plaintiff AHR's Common Law Marks.

4

25.     Plaintiff AHR has, since before adoption of the Accused Marks by Defendant Restore, continuously used the Marks in connection with the advertising of its hair-loss prevention and restoration as well as hair regrowth services, throughout the State of Illinois and in commerce throughout the United States.

26.     On information and belief, Defendant Restore commenced commercial use of the Accused Marks after Plaintiff AHR's Marks became famous.

27.     On information and belief, Defendant Restore commenced use of the Accused Marks in commerce after Plaintiff AHR's Mark became famous.

28.     Defendant Davis previously worked as a contractor for AHR where he was in possession of various AHR trade secrets, including vendor lists, customer lists, search engine optimization (SEO), and the method of the revolutionary "NO SHAVE FUE" technique pioneered and patented by AHR. Such technique remained a trade secret until the application that resulted in AHR's U.S. Patent No. 11,883,060 ("the '060 Patent") published on March 14, 2019.

29.     Since then, Defendant Davis has worked with Restore to assist their business.

30.     On December 23, 2017, Defendant Davis and AHR signed a settlement agreement to, among other things, settle the Civil Action No. 2:16-cv-01733-JLR in the Western District of Washington ("the Agreement").

31.     Restore was also party to the Agreement as to paragraph II.10(a) & (b) and III.12 of the Agreement.

32.     Paragraph II.10(a) of the Agreement includes a mutual release of the parties provided that declarations attached to the Agreement and executed by owners of Restore were true while paragraph III.12 of the Agreement includes a liquidated damages clause agreeing that

5

$200,000 and injunctive relief was appropriate if a court of competent jurisdiction found the declarations false.

33.     Upon information and belief, Restore has in its possession AHR trade secret information including: AHR's vendor contact sheets and written training and surgical protocols, and received such documents and information from Defendant Davis. The Declaration of Doctor Katona is appended hereto attesting to the source of such trade secret information as Exhibit 1.

34.     Defendant Restore was placed on notice of Plaintiff AHR's rights by demand letter by email and courier on November 15, 2024. Defendant Restore continued to advertise and sell under the Accused Marks thereafter, despite having such notice. On information and belief, Defendant Restore continued to infringe upon AHR's patent.

**COUNT I**
**Violation of Consumer Protection Act**

35.     Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

36.     The above-described acts of Defendant Restore constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of 815 ILCS 505, *et seq.* that have infringed Plaintiff AHR's common law service-mark rights and thereby injured Plaintiff AHR in its business and property.

37.     Plaintiff AHR is further injured in that consumers are likely to be confused as to the source, sponsorship, or affiliation and to purchase hair-loss prevention and restoration as well as hair regrowth services from Defendant Restore believing that they originated with Plaintiff AHR, were approved of by Plaintiff AHR, or were affiliated with Plaintiff AHR.

38.     On information and belief, Defendant Restore is aware of Plaintiff AHR's service-mark rights.

39.     On information and belief, Defendant Restore knows and intends for such confusion to occur through its advertisements of its services under the Accused Marks.

40.     Advertisement by Defendant Restore under the Accused Marks is directed to consumers widely throughout this state, thereby affecting the public interest.

41.     On information and belief, Defendant Restore continues to do so despite notice, making it clear that Defendant Restore infringing actions will continue unless enjoined by this Court.

42.     On information and belief, the aforesaid acts by Defendant Restore have been knowing, willful, and without Plaintiff AHR's permission.

43.      On information and belief, the aforesaid acts by Defendant Restore have been intended to trade on Plaintiff AHR's goodwill in the State of Illnois.

## COUNT II
## Federal Unfair Competition

44.     Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein.

45.     The advertisement by Defendant Restore for its hair-loss prevention and restoration as well as hair regrowth services under the Accused Marks amounts to a false designation of origin in commerce, which is likely to confuse the public into believing that there is an affiliation, connection, or association between the source of Defendant Restore's hair-loss prevention and restoration as well as hair regrowth services and the source of Plaintiff AHR's services.

46.     Plaintiff AHR is likely to be damaged by such confusion as to affiliation, connection, or association of the type described.

47.     On information and belief, the aforesaid acts by Defendant Restore have been knowing, willful, and without Plaintiff AHR's prior knowledge or consent.

## COUNT III
### Breach of Contract

48.     Plaintiff AHR repeats and realleges each and every allegation of the foregoing paragraphs as if recited herein,

49.     Plaintiff AHR and Defendants Davis and Restore entered into the Agreement, which was a valid and enforceable agreement, on or about December 23, 2017, wherein Defendant Restore represented that it had not received AHR's trade secret information of various categories from Defendant Davis.

50.     Likewise, Defendant Davis represented that it did not disclose AHR's data to any individual or entity.

51.     At all relevant times, a valid and enforceable contract existed between Plaintiff AHR and Defendants Davis and Restore.

52.     Notwithstanding those agreements, on information and belief, Defendants Restore did in fact receive vendor lists and surgical procedure information regarding AHR's revolutionary "NO SHAVE FUE" procedure from Defendant Davis.

53.     Defendant Restore had a duty under the contract to notify AHR's counsel of record in Civil Action No. 2:16-cv-01733-JLR in the Western District of Washington within 30 days to arrange for return or destruction of AHR's data, confidential information, or the information specified in the Restore declaration.

54.     AHR has not received such notice to this date, but it has come to the attention of AHR that, on information and belief, Defendant Restore has been given access to such trade secrets and confidential information by Defendant Davis greater than 30 days ago.

55.     The above-described acts of Defendants Davis and Restore constitute a breach of the Agreement and have resulted in Defendants continued misappropriation of Plaintiff AHR's trade secrets, thereby injuring Plaintiff AHR in its business and property.

56.     Plaintiff AHR is further injured in that it has been deprived of the benefit of its bargain under the Agreement.

57.     Defendant Davis's and Restores breach was intentional, unreasonable, and without justification.

**COUNT IV**
**Misappropriation of Trade Secrets**

58.     Plaintiff AHR has developed and owns valuable confidential, proprietary, and trade secret information (the "Trade Secrets") related to hair restoration and advertising specific to the hair restoration field, such as vendor lists, customer lists, and surgical techniques.

59.     The Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable by, other persons who could obtain economic value from their disclosure or use.

60.     Plaintiff AHR has taken reasonable measures to protect and maintain the secrecy of the Trade Secrets, such as confidentiality agreements and limited access.

61.     Plaintiff AHR uses the Trade Secrets in multiple states including Illinois and in interstate commerce.

62.     Defendant Davis was employed by Plaintiff AHR as an independent contractor in a position that gave Defendant Davis access to the Trade Secrets, subject to express confidentiality agreements.

63. Upon information and belief, Defendant Davis unlawfully disclosed Plaintiff AHR's trade secrets to Defendant Restore in violation of Defend Trade Secrets Act, 18 U.S.C. § 1836 and 765 ILCS 1065.

64. Defendants' misappropriation of Plaintiff's Trade Secrets has caused and will continue to cause Plaintiff irreparable harm and damage, including loss of competitive advantage, and revenue.

65. Defendants' misappropriation was willful and malicious.

## COUNT V
## Patent Infringment of US Patent No. 11,883,060

66. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

67. On information and belief, and without authority, consent, right, or license, Defendant Restore uses, sells, offers to sell shaveless hair transplant in the United States, as explained in the declaration filed herewith as Exhibit 2. In doing so Restore infringes at least claims 1–10 of the '060 Patent under § 271(a), either literally or under the doctrine of equivalents, by using, offering to sell, and selling a shaveless hair transplant method that includes the actions recited by those claims of the '060 Patent.

68. For example, annexed hereto as Exhibit 3 is Plaintiffs infringement contention of method claim 1 of the '060 Patent.

69. The infringement contentions are made upon information and belief, are illustrative for purposes of meeting Plaintiff's pleading obligations, and should not be construed as binding or limiting.

70. Restore's foregoing actions constitute and/or will constitute direct infringement of the '060 Patent.

71.     Plaintiff reserves the right to assert additional claims of the '060 Patent that Restore infringes.

72.     Plaintiff has been damaged as a result of Restore's infringing conduct. Restore is thus liable to Plaintiff in an amount that adequately compensates Plaintiff for Restore's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VI**
**Declaration of No Unfair Business Practices**

73.     Plaintiff repeats and realleges every allegation of the foregoing paragraphs as if received herein.

74.     Plaintiff did not disparage Defendant Restore when posting the truthful information that the doctor who completed the work discussed in many of Defendant Restore's advertisements is now employed by AHR.

75.     Disparagement is only actionable when it applies to the unfair business practice of advertising false statements intended to reduce the reputation of a business or individual. In contrast, the Plaintiff only advertised truthful information, which is not an unfair business practice.

76.     Defendant threatened Plaintiff with suit regarding the advertisement for unfairly attempting to capitalize on Restore's goodwill and brand awareness as well as associating AHR's services with Restore's in a letter by certified mail on October 15, 2024 (hereinafter "the October Letter"). As such, the issue is ripe for Declaratory Relief.

**COUNT VII**
**Declaration of Voidness of Contract Following Fundamental Breach**

77.     Plaintiff repeats and realleges every allegation of the foregoing paragraphs as if received herein.

78. The fundamental representation by Restore and Davis in the Agreement was to ensure the settlement of existing litigation by ensuring trade trade secret misappropriation did not and would not occur. With the trade secret misappropriation that occurred, on information and belief, a fundamental breach of the Agreement occurred, thereby voiding it and rendering Plaintiff AHR free from obligation of any performance required by said contract.

79. As such, Defendant Restore cannot recover damages from any perceived breach of the contract that occurred after it neglected to inform AHR of and destroy any AHR trade secret information it came into custody of or received in any manner within 30 days of said receipt.

**COUNT VIII**
**Declaration of No Tortious Interference with Contract**

80. Plaintiff repeats and realleges every allegation of the foregoing paragraphs as if received herein

81. In the October letter, Defendant Restore claimed that, by advertising the true author of the work depicted in many of Defendant Restore's advertisements, AHR was tortiously interfering with an alleged contract between Dr. Katona and Defendant Restore, which Restore claims purportedly assigns Dr. Katona's right to publicity to Defendant Restore.

82. Upon information and belief, Defendant Restore and Dr. Katona are currently engaged in civil action to determine whether such alleged contract is valid.

83. As such, AHR is not and was not aware of any such contract nor the terms of what such contract may be.

84. Further, Illinois' Right to Publicity statute, 765 ILCS 1075/35 (b)(3) clearly states as an exception: "Use of an individuals name in truthfully identifying the person as the author of a particular work or program or the performer in a particular performance" is not considered a part of such right to publicity.

85.     As such, since the truthful identification of the person who is the author of the work, in this case surgery, is not interfering with any right to publicity and therefore could not interfere with any contract assigning such a right to Defendant Restore.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff AHR requests the entry of a judgment by this Court against the Defendant Restore providing:

(a)     That Defendant Restore has violated the Illinois Consumer Protection Act, 815 ILCS 50, *et seq*.;

(b)     For an award of damages, together with interest, to compensate Plaintiff AHR for Defendant Restore's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff AHR of all of its costs and attorney's fees with respect thereto in accordance with 815 ILCS 505/10, *et seq.*.

(c)     That Defendant Restore has violated § 43(a) of the Lanham Act;

(d)     That Defendant Restore has infringed Plaintiff AHR's Marks;

(e)     That Defendant Restore, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with Defendant Restore be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection, or association of Defendant Restore with Plaintiff AHR by virtue of similarities between Defendant Restore's Accused Marks and Plaintiff AHR's Marks;

(f)     For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of Defendant Restore's profits, damages sustained by Plaintiff AHR, and the costs of the action

including a trebling of such damages and that the Court determine that this is an exceptional case and award Plaintiff AHR its reasonable attorney's fees;

(g)    For an award of reasonable attorneys' fees;

(h)    That Defendant Davis and Restore breached the settlement agreement;

(i)    For a reward of $200,000 in liquidated damages and attorneys' fees for such a breach;

(j)    For an injunction against the Defendants continued violation of AHR's trade secret rights;

(k)    For an award of the actual loss of Plaintiff and unjust enrichment of Defendants and in light of the willful and malicious nature of such misappropriation and violation, exemplary damages;

(l)    That Restore has infringed one or more claims of the '060 Patent;

(m)    For an injunction against Restore's continued infringement of the '060 Patent under 35 U.S.C. § 283;

(n)    For an award of damages under 35 U.S.C. § 284, or otherwise permitted by law, and damages for any continued post–verdict infringement;

(o)    That this is an exceptional case;

(p)    That Defendant Restore's infringement is and was willful;

(q)    For an award trebling the damages under 35 U.S.C. § 284;

(r)    For an award of Plaintiff's attorney fees under 35 U.S.C. § 285;

(s)    For an award of Plaintiff AHR's damages for the unjust enrichment of Defendant Restore;

(t)    For an award of pre–judgment and post–judgment interest on the damage awards and costs;

(u)    For an award of costs of this action and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law

(v)    For a declaration of no unfair competition by Plaintiff AHR;

(w)    For a declaration of voidness of contract with respect to the Agreement following fundamental breach by Defendants Restore and Davis;

(x)    For a declaration of no tortious interference with contract by Plaintiff AHR; and

(y)    For other and further relief as is provided by law and that this Court deems just and equitable.

Respectfully Submitted,

s/ *Benjamin Lockyer*

John J. Bamert (*pro hac vice pending*)
WSBA No. 48128
Bamert Regan
113 Cherry St, Unit 55215
Seattle, Washington 98104
Bamert@BamertRegan.com
206.486.7022

Benjamin C.R. Lockyer
Lockyer Law LLC
6515 W. Archer Ave.
Chicago, IL 60638
ben@lockyerlaw.com
(773) 340-0011

***Counsel for Plaintiff***
***Advanced Hair Restoration LLC***